UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
)
Plaintiff, )
)                                    No. 05 10344 DPW
v. )
)
)
BARRIEAU EXPRESS, INCORPORATED a.k.a. )
BARRIEAU MOVING & STORAGE and )   MAGISTRATE JUDGE
GERARD P. BARRIEAU, JR. )
)
Defendants, )
)

FILED
IN CLERK'S OFFICE
2005 FEB 22 P 12: 56
U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

**COMPLAINT**

Count 1
(as against Barrieau Express, Inc. aka Barrieau Moving & Storage)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid pension contributions.

2. This court has jurisdiction pursuant to ERISA 29 U.S.C. §§1132(e)(1) and 502(e)(1) and venue lies in this district pursuant ERISA 29 U.S.C. §§1132(e)(2) and 502(e)(2).

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section

3(3) of ERISA, 29 U.S.C., §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant is an employer incorporated in the State of Connecticut with a principal place of business in Hartford, Connecticut. Defendant is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2), (6) and (7).

5. Barrieau Express, Inc. is also known as Barrieau Moving & Storage.

6. Gerard Barrieau, Jr. is an individual residing in Hartford, CT.

7. Teamsters Local Union No. 671 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

8. At all material times, defendant has been obligated by the terms of one or more collective bargaining agreements between defendant and Teamsters Local Union No. 671 and by the terms of an Agreement and Declaration of Trust to which defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

9. Defendant has failed to make required contributions to the Pension Fund pursuant to a payroll audit in violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, plaintiff demands that judgment enter in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2):

    1. Awarding the Pension Fund the following amounts:

        a. the unpaid contributions;

        b. interest on those contributions from the date the payment was due;

        c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

      d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Permanently enjoining the defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union No. 671 and the Agreement and Declaration of Trust to make timely contributions and reports to the Pension Fund; and

3. Ordering such other and further relief as this court may deem just and proper.

Count 2
(as against Gerard P. Barrieau, Jr.)

9. Plaintiff hereby incorporates by reference Paragraph 1 through 9 as if set forth herein.

10. Upon information and belief, Defendant Barrieau is the President and principal shareholder of Barrieau Express, Inc. a.k.a Barrieau Moving & Storage who has control of its management and day to day operations.

11. Upon information and belief, Defendant Barrieau is an alter ego of Barrieau Express, Inc. a.k.a Barrieau Moving & Storage.

12. Defendant Barrieau, as an alter ego, is personally liable for the unpaid employee benefit contributions of Barrieau Express, Inc. a.k.a. Barrieau Moving & Storage.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Barrieau in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

1. Awarding the Pension Fund the following amounts:

      a. the unpaid contributions;

      b. interest on those contributions from the date the payment was due;

      c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Permanently enjoining the defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union No. 671 and the Agreement and Declaration of Trust to make timely contributions and reports to the Pension Fund; and

3. Ordering such other and further relief as this court may deem just and proper.

Dated: February 22, 2005

Respectfully submitted,

Catherine M. Campbell
BBO No. 5564
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

_____
Attorney for plaintiff

Certificate Of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury and Joseph M. Klements, Agent, 15 Broad Street, 9th Floor, Boston, MA 02109.

_____
Catherine M. Campbell

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Charles Langone, Fund Manager v. Barrieau Express, Inc. et al

   2005 FEB 22 P 12:54

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   U.S. DISTRICT COURT
   DISTRICT OF MASS.

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                    YES XX          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                    YES XX          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                    YES             NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                    YES XX          NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                    YES XX          NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Catherine M. Campbell
ADDRESS   Feinberg, Campbell & Zack, PC, 177 Milk St., Ste. 300, Boston, MA 02109
TELEPHONE NO.  (617) 338-1976

(Cover sheet local.wpd - 11/27/00)

JS 44   (Rev. 3/99)                                    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Charles Langone, as Fund Manager of the New England Teamsters and Trucking Industry Pension Fund

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS

Barrieau Express, Inc and Gerard P. Barrieau, Jr.

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Feinberg, Campbell & Zack, P.C.
177 Milk Street, Boston, MA 02109
(617) 338-1976

Attorneys (If Known)

### II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLT | DEF |  | PLT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY · PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane · ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury -- Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander · ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine · PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability · ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle · ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability · ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury · ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** · **PRISONER PETITIONS** | | ☐ 863 DIW C/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting · ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment · Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations · ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare · ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights · ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | · ☐ 550 Civil Rights | | | |
| | · ☐ 555 Prison Condition | | | |

### V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action by Pension Fund under ERISA 29 U.S.C. Sec. 1001 et seq. to collect

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  2/22/05

SIGNATURE OF ATTORNEY OF RECORD   _[signature]_   Catherine M. Campbell, Esq.

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____