UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>BARRIEAU EXPRESS, INCORPORATED a.k.a. BARRIEAU MOVING & STORAGE and GERARD P. BARRIEAU, JR.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. C.A. No. 05-10344 DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

Count 1
(as against Barrieau Express, Inc. aka Barrieau Moving & Storage)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §1381 et. seq., brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid pension contributions and withdrawal liability.

2. This court has jurisdiction pursuant to ERISA 29 U.S.C. §§1132(e)(1) and 502(e)(1) and venue lies in this district pursuant ERISA 29 U.S.C. §§1132(e)(2) and 502(e)(2).

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section

3(3) of ERISA, 29 U.S.C., §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant Barrieau Express Inc. is an employer incorporated in the State of Connecticut with a principal place of business in Hartford, Connecticut. Defendant is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2), (6) and (7).

5. Barrieau Express, Inc. is also known as Barrieau Moving & Storage.

6. Gerard P. Barrieau, Jr. is an individual residing in West Hartford, CT.

7. Teamsters Local Union No. 671 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

8. At all material times, Defendant Barrieau Express has been obligated by the terms of one or more collective bargaining agreements between defendant and Teamsters Local Union No. 671 and by the terms of an Agreement and Declaration of Trust pursuant to which defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

9. Defendant Barrieau Express has failed to make required contributions to the Pension Fund pursuant to a payroll audit in violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, plaintiff demands that judgment against Defendant Barrieau Express enter in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2):

1. Awarding the Pension Fund the following amounts:

    a. the unpaid contributions;

    b. interest on those contributions from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

  2. Permanently enjoining the defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union No. 671 and the Agreement and Declaration of Trust to make timely contributions and reports to the Pension Fund; and

  3. Ordering such other and further relief as this court may deem just and proper.

Count 2
(Withdrawal Liability)

10. Plaintiff hereby incorporates by reference Paragraphs 1 though 9 of this Complaint, as if set forth herein.

11. On or about November 30, 2004, Defendant Barrieau Express permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

12. By letter dated January 20, 2005, the Pension Fund notified Defendant Barrieau Express that Defendant Barrieau Express had withdrawn and demanded payment of Defendant Barrieau Express' proportionate share of the Pension Fund's unfunded vested benefit liability.

13. In demanding payment of defendant's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $1,510,749 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on or before March 15, 2005.

14. By letter dated February 25, 2005, Defendant Barrieau Express requested review of the withdrawal liability pursuant to ERISA §4219(b)(2)(A), 29 U.S.C 1399(b)(2)(A).

15. By letter dated April 8, 2005, counsel for the Pension Fund responded to the Request for Review. Neither party has requested arbitration.

16. One interim payment of withdrawal liability was made on or about April 26, 2005. In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Barrieau Express has failed to make all payments of the assessed withdrawal liability pursuant to the Fund's schedule of payments pending review and or arbitration of the matter.

WHEREFORE, plaintiff demands that judgment enter against Defendant Barrieau Express, Inc. in accordance with Section 502(g)(2) of ERISA , 29 U.S.C. §1132(g)(2) and §1451:

1. Awarding the Pension Fund the following amounts:

   a. the interim payments of the assessed withdrawal liability;

   b. interest on withdrawal liability from the date the payments were due;

   c. liquidated damages in an amount equal to the greater of interest on the withdrawal liability or 20% of the withdrawal liability;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering Defendant Barrieau Express to make all future payments of withdrawal liability as indicated in the Fund's schedule of payments.

3. Ordering such other and further relief as this court may deem just and proper.

Count 3
(as against Gerard P. Barrieau, Jr.)

17. Plaintiff hereby incorporates by reference Paragraph 1 through 16 of this complaint, as if set forth herein.

18. Upon information and belief, Defendant Barrieau is the President and principal shareholder of Barrieau Express, Inc. a.k.a Barrieau Moving & Storage who has control of its management and day to day operations.

19. Upon information and belief, Defendant Barrieau is an alter ego of Barrieau Express, Inc. a.k.a Barrieau Moving & Storage.

20. Defendant Barrieau, as an alter ego, is personally liable for the unpaid employee benefit and withdrawal liability payments of Barrieau Express, Inc. a.k.a. Barrieau Moving & Storage.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Barrieau in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

1. Awarding the Pension Fund the following amounts:

    a. the unpaid contributions and interim withdrawal liability payments;

    b. interest from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest or 20% of the unpaid principal amount owed;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: May 24, 2005                    Respectfully submitted,

                                       Catherine M. Campbell
                                       BBO No. 5564
                                       FEINBERG, CAMPBELL & ZACK, P.C.
                                       177 Milk Street
                                       Boston, MA 02109
                                       (617) 338-1976

                                        /S/ Catherine M. Campbell
                                       Attorney for Plaintiff

5

Certificate Of Service

    I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.
.

    /S/ Catherine M. Campbell
Catherine M. Campbell