UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER    )
of the NEW ENGLAND TEAMSTERS AND    )
TRUCKING INDUSTRY PENSION FUND      )
                                    )
              Plaintiff,            )
                                    )          CA. No. 05-10344 (DPW)
v.                                  )
                                    )
BARRIEAU EXPRESS, INCORPORATED a/k/a )
BARRIEAU MOVING & STORAGE and       )
GERARD P. BARRIEAU, JR.             )
                                    )
              Defendants            )

ANSWER OF GERARD P. BARRIEAU, JR. TO FIRST AMENDED COMPLAINT

1.    Paragraph 1 contains legal conclusions to which no response is required. To the extent that

      paragraph 1 contains factual allegations, they are denied.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent that

      paragraph 2 contains factual allegations, they are denied.

3.    Paragraph 3 contains legal conclusions to which no response is required. To the extent that

      paragraph 3  contains factual allegations, they are denied.

4.    Defendant Gerard P. Barrieau, Jr. ("Defendant") admits that Barrieau Express, Inc. was

      incorporated in the State of Connecticut and maintained a principal place of business in

      Hartford, Connecticut. The remainder of paragraph 4 contains legal conclusions to which no

      response is required. To the extent that the remainder of paragraph 4  contains factual

allegations, they are denied

5.      Defendant admits the allegations of paragraph 5.

6.      Defendant admits the allegations of paragraph 6.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent that

        paragraph 7  contains factual allegations, they are denied.

8.      Defendant admits the allegations of paragraph 8.

9.      Defendant admits that Barrieau Express, Inc. failed to make certain contributions to the Pension

        Fund, but otherwise denies paragraph 9.

10.     Defendant incorporates by reference his responses to paragraphs 1 through 10 of the

        Complaint.

11.     Defendant admits that Barrieau Express, Inc. permanently ceased operations and liquidated.

        Otherwise, defendant denies paragraph 11.

12.     Defendant admits the allegations of paragraph 12.

13.     Defendant admits the allegations of paragraph 13.

14.     Defendant admits the allegations of  paragraph 14.

15.     Defendant denies the allegations of paragraph 15.

16.     Defendant admits that Barrieau Express, Inc.  made one interim payment of withdrawal liability,

        and otherwise denies the allegations of paragraph 16.

17.     Defendant incorporates by reference his responses to paragraphs 1 through 16 of the

        Complaint.

18.     Defendant admits that he was the president of Barrieau Express, Inc. and was its principal

shareholder, but denies the remaining allegations of paragraph 18.

19.   Defendant denies the allegations of paragraph 19.

20.   Defendant denies the allegations of paragraph 20.

FIRST AFFIRMATIVE DEFENSE

This action should be stayed pending arbitration.

SECOND AFFIRMATIVE DEFENSE

Payment of the amount demanded by the complaint would violate Connecticut insolvency law.

THIRD AFFIRMATIVE  DEFENSE

Because of the insolvency of Barrieau Express, Inc., the amount demanded by the Fund

as withdrawal liability exceeds statutory requirements.

> GERARD P. BARRIEAU, JR.
> By his attorney
>
> /s/ Howard M. Brown
> Howard M. Brown
> BBO #547948
> Bartlett Hackett Feinberg P.C.
> 10 High Street, Suite 920
> Boston, MA 02110
> (617) 422-0200

Dated: July 13, 2005