UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>BARRIEAU EXPRESS, INCORPORATED a.k.a. BARRIEAU MOVING & STORAGE, GERARD P. BARRIEAU, JR., GBJR, LLC and 5B, LLC<br><br>Defendants, | C.A. No. C.A. No. 05-10344 DPW |

## SECOND AMENDED COMPLAINT

### PARTIES AND JURISDICTION

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*., as amended by the Multi-Employer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §1381 *et. seq*., brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid pension contributions and withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA §502(e)-(f), 29 U.S.C. §1132(e)-(f), and ERISA §4301, 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section

3(3) of ERISA, 29 U.S.C., §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant Barrieau Express Inc. is an employer incorporated in the State of Connecticut with a principal place of business in Hartford, Connecticut. Defendant is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2), (6) and (7).

5. Barrieau Express, Inc. is also known as Barrieau Moving & Storage.

6. Gerard P. Barrieau, Jr. is an individual residing in West Hartford, CT.

7. GBJR, LLC is a corporation with a principal place of business in West Hartford, Connecticut.

8. 5B, LLC is a corporation with a principal place of business in Hartford, Connecticut.

9. Teamsters Local Union No. 671 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

## COUNT 1
(as against Barrieau Express, Inc. for Delinquent Contributions)

10. At all material times, Defendant Barrieau Express has been obligated by the terms of one or more collective bargaining agreements between defendant and Teamsters Local Union No. 671 and by the terms of an Agreement and Declaration of Trust pursuant to which this defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

11. Defendant Barrieau Express has failed to make required contributions to the Pension Fund pursuant to a payroll audit in violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, plaintiff demands that judgment against Defendant Barrieau Express enter in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2):

1. Awarding the Pension Fund the following amounts:

    a. the unpaid contributions;

    b. interest on those contributions from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Permanently enjoining the defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union No. 671 and the Agreement and Declaration of Trust to make timely contributions and reports to the Pension Fund; and

3. Ordering such other and further relief as this court may deem just and proper.

## COUNT 2
(as against Barrieau Express for Withdrawal Liability)

12. Plaintiff hereby incorporates by reference Paragraphs 1 though 11 of this Complaint, as if set forth herein.

13. On or about November 30, 2004, Defendant Barrieau Express permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

14. By letter dated January 20, 2005, the Pension Fund notified Defendant Barrieau Express that Defendant Barrieau Express had withdrawn and demanded payment of Defendant Barrieau Express' proportionate share of the Pension Fund's unfunded vested benefit liability.

15. In demanding payment of defendant's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $1,510,749 or, alternatively,

payment pursuant to a schedule the first payment of which was due to be made on or before March 15, 2005.

16. By letter dated February 25, 2005, Defendant Barrieau Express requested review of the withdrawal liability pursuant to ERISA §4219(b)(2)(A), 29 U.S.C 1399(b)(2)(A).

17. By letter dated April 8, 2005, counsel for the Pension Fund responded to the Request for Review.  An arbitration has been requested and is pending at the American Arbitration Association.

18. One interim payment of withdrawal liability was made on or about April 26, 2005.  In violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2), Defendant Barrieau Express has failed to make any additional payments of the assessed withdrawal liability pursuant to the Fund's schedule of payments pending review and or arbitration of the matter.

WHEREFORE, plaintiff demands that judgment enter against Defendant Barrieau Express, Inc. in accordance with Section 502(g)(2) of ERISA , 29 U.S.C. §1132(g)(2) and §1451:

1. Awarding the Pension Fund the following amounts:

    a. the interim payments of the assessed withdrawal liability;

    b. interest on withdrawal liability from the date the payments were due;

    c. liquidated damages in an amount equal to the greater of interest on the withdrawal liability or 20% of the withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering Defendant Barrieau Express to make all future payments of withdrawal liability as indicated in the Fund's schedule of payments.

3. Ordering such other and further relief as this court may deem just and proper.

**COUNT 3**
(as against Gerard P. Barrieau, Jr. as an alter ego)

19. Plaintiff hereby incorporates by reference Paragraph 1 through 18 of this Complaint, as if set forth herein.

20. Upon information and belief, Defendant Barrieau is the President and principal shareholder of Barrieau Express, Inc. a.k.a Barrieau Moving & Storage who has control of its management and day to day operations.

21. Upon information and belief, Defendant Barrieau is an alter ego of Barrieau Express, Inc. a.k.a Barrieau Moving & Storage.

22. Defendant Barrieau, as an alter ego, is personally liable for the unpaid employee benefit and withdrawal liability payments of Barrieau Express, Inc. a.k.a. Barrieau Moving & Storage.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Barrieau in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

1. Awarding the Pension Fund the following amounts:

    a. the unpaid contributions and interim withdrawal liability payments;

    b. interest from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest or 20% of the unpaid principal amount owed;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

**COUNT 4**
(as against GBJR, LLC)

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 of this Complaint as if set forth herein.

24. Defendant GBJR, LLC is a trade or business under "common control" with Defendant Barrieau Express, Inc. within the meaning of 26 C.F.R. §1.414(c)-2.

25. Defendant, GBJR, LLC, as a trade or business under common control with Defendant Barrieau Express, Inc., is an an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

26. Defendant GBJR, LLC is jointly and severally liable for the withdrawal liability of Defendant Barrieau Express, Inc.

27. Defendant GBJR, LLC has failed to make interim payments of the assessed withdrawal liability in violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2).

WHEREFORE, Plaintiff demands that judgment enter against Defendant GBJR, LLC in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

1. Awarding the Pension Fund the following amounts:

    a. the unpaid contributions and interim withdrawal liability payments;

    b. interest from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest or 20% of the unpaid principal amount owed;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

**COUNT 5**
(as against 5B, LLC)

28. Plaintiff hereby incorporates by reference paragraphs 1 through 27 of this Complaint as if set forth herein.

29. Defendant 5B, LLC is a trade or business under "common control" with Defendant within the meaning of 26 C.F.R. §1.414(c)-2.

30. Defendant, 5B, LLC, as a trade or business under common control with Defendant Barrieau Express, Inc., is an an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

31. Defendant 5B, LLC is jointly and severally liable for the withdrawal liability of Defendant Barrieau Express, Inc.

32. Defendant 5B, LLC has failed to make interim payments of the assessed withdrawal liability in violation of ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2).

WHEREFORE, Plaintiff demands that judgment enter against Defendant 5B, LLC in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

1. Awarding the Pension Fund the following amounts:

    a. the unpaid contributions and interim withdrawal liability payments;

    b. interest from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest or 20% of the unpaid principal amount owed;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: December 13, 2005						Respectfully submitted,

								Catherine M. Campbell
								BBO No. 549397
								FEINBERG, CAMPBELL & ZACK, P.C.
								177 Milk Street
								Boston, MA 02109
								(617) 338-1976

								  /S/ Catherine M. Campbell
								Attorney for Plaintiff