UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
)
    Plaintiff,        )   C.A. No. 05-10344 (DPW)
)
v. )
)
BARRIEAU EXPRESS, INCORPORATED a/k/a )
BARRIEAU MOVING & STORAGE and )
GERARD P. BARRIEAU, JR. )
)
    Defendants.     )

ANSWER TO SECOND AMENDED COMPLAINT BY BARRIEAU
EXPRESS, INCORPORATED, a/k/a BARRIEAU MOVING & STORAGE

FIRST COUNT

   Barrieau Express, Inc. files this Answer addressed only to the allegations asserted

against it.

   1.   Defendant Barrieau Express Incorporated admits paragraph 1.

   2.   Defendant admits paragraph 2.

   3.   Defendant admits paragraph 3.

   4.   Defendant admits paragraph 4.

   5.   Defendant admits paragraph 5.

   6.   Defendant admits paragraph 6.

7.    Defendant denies paragraph 7, but admits that GBJR, LLC is a limited liability corporation.

8.    Defendant denies paragraph 8, but admits that 5B, LLC is a limited liability corporation.

9.    Defendant admits paragraph 9.

10.    Defendant admits that it was obligated to make certain contributions pursuant to Collective Bargaining Agreements, lets the documents speak for themselves, and otherwise denies paragraph 10.

11.    Defendant Barrieau Express admits that it owes money to the fund; otherwise it denies paragraph 11.

<u>SECOND COUNT</u>

12.    Defendant Barrieau Express incorporates its responses to paragraphs 1 through 11 of the complaint as if set forth fully herein.

13.    Defendant admits paragraph 13.

14.    Defendant admits that it received a letter from the Pension Fund dated January 20, 2005.  It states that the letter speaks for itself; otherwise, defendant denies paragraph 14.

15.    Defendant admits that the Pension Fund requested immediate payment of the full amount of its alleged liability of $1,510,749 or payments pursuant to a schedule.

16.    Defendant admits paragraph 16.

17.    Defendant admits paragraph 17.

18.    Defendant admits that it made an interim payment of withdrawal liability on or about April 26, 2005; otherwise, defendant denies paragraph 18.

<u>FIRST SPECIAL DEFENSE</u>

1.      Defendant Barrieau Express has ceased operations and is insolvent.

2.      Barrieau Express is winding up its affairs under Connecticut dissolution law.

3.      Pursuant to law, defendant must treat all creditors on an equal basis.

4.      Payment of the amounts demanded would violate the equality of treatment

required by Connecticut law.

<u>SECOND SPECIAL DEFENSE</u>

Because of its insolvency, the amount demanded by the Funds as withdrawal liability

exceeds legal requirements.

<u>THIRD SPECIAL DEFENSE</u>

The scope of the liability has been referred to arbitration pursuant to ERISA

requirements.


DEFENDANT – BARRIEAU EXPRESS
INCORPORATED a/k/a BARRIEAU MOVING &
STORAGE


By  /s/Laurie Alexander-Krom

Laurie Alexander-Krom
Murtha Cullina LLP
99 High Street
Boston, Massachusetts  02110-2320
Telephone:  (617) 457-4000
Its Attorneys


Dated:  May 1, 2006

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  No non-participants (NEF) as noted.

/s/Laurie Alexander-Krom
