UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
                                                          )
            Plaintiff,                           )
                                                          )          CA. No. 05-10344 (DPW)
v.                                                     )
                                                          )
BARRIEAU EXPRESS, INCORPORATED a/k/a )
BARRIEAU MOVING & STORAGE,   )
GERARD P. BARRIEAU, JR., GBJR, LLC and )
5B, LLC                                             )
                                                          )
            Defendants                        )

ANSWER OF GERARD P. BARRIEAU, JR., GBJR, LLC and 5B, LLC
TO SECOND AMENDED COMPLAINT

1.      Paragraph 1 contains legal conclusions to which no response is required. To the extent

        that paragraph 1 contains factual allegations, they are denied.

2.      Paragraph 2 contains legal conclusions to which no response is required. To the extent

        that paragraph 2 contains factual allegations, they are denied.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent

        that paragraph 3  contains factual allegations, they are denied.

4.      Defendants Gerard P. Barrieau, Jr., GBJR, LLC and 5B, LLC ("Defendants") admit that

        Barrieau Express, Inc. was incorporated in the State of Connecticut and maintained a

        principal place of business in Hartford, Connecticut. The remainder of paragraph 4

        contains legal conclusions to which no response is required. To the extent that the

-1-

remainder of paragraph 4  contains factual allegations, they are denied

5.      Defendants admit the allegations of paragraph 5.

6.      Defendants admit the allegations of paragraph 6.

7.      Defendants deny the allegations of paragraph 7.

8.      Defendants deny the allegations of paragraph 8.

9.      Defendants lack sufficient information to form a belief as to the truth of the allegations of
        paragraph 9.

10.     Defendants admit that Barrieau Express was obligated to make certain contributions
        pursuant to collective bargaining agreements, which documents speak for themselves,
and     otherwise deny the allegations of paragraph 10.

11.     Defendants admit that Barrieau Express, Inc. failed to make certain contributions to the
        Pension Fund, but otherwise deny the allegations of paragraph 11.

12.     Defendants incorporate by reference their  responses to paragraphs 1 through 11 of the
        Complaint.

13.     Defendants admit that Barrieau Express, Inc. permanently ceased operations and
        liquidated.  Otherwise, Defendants deny the allegations of paragraph 13.

14.     Defendants lack sufficient information to form a belief as to the truth of the allegations of
        paragraph 14.

15.     Defendants lack sufficient information to form a belief as to the truth of the allegations of
        paragraph 15.

16.     Defendants lack sufficient information to form a belief as to the truth of the allegations of
        paragraph 16.

17.     Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 17.

18.     Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 18.

19.     Defendants incorporate by reference their responses to paragraphs 1 through 18 of the Complaint.

20.     Defendants admit that Gerard P. Barrieau, Jr. was the president of Barrieau Express, Inc. and was its principal shareholder, but deny the remaining allegations of paragraph 20.

21.     Defendants deny the allegations of paragraph 21.

22.     Defendants deny the allegations of paragraph 22.

23.     Defendants incorporate by reference their responses to paragraphs 1 through 22 of the Complaint.

24.     Defendants deny the allegations of paragraph 24.

25.     Defendants deny the allegations of paragraph 25.

26.     Defendants deny the allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

28.     Defendants incorporate by reference their responses to paragraphs 1 through 27 of the Complaint.

29.     Defendants deny the allegations of paragraph 29.

30.     Defendants deny the allegations of paragraph 30.

31.     Defendants deny the allegations of paragraph 31.

32.     Defendants admit the allegations of paragraph 32.

<u>FIRST AFFIRMATIVE DEFENSE</u>

This action should be stayed pending arbitration.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Payment of the amount demanded by the complaint would violate Connecticut

insolvency law.

<u>THIRD AFFIRMATIVE  DEFENSE</u>

Because of the insolvency of Barrieau Express, Inc., the amount demanded by the Fund

as withdrawal liability exceeds statutory requirements.

GERARD P. BARRIEAU, JR.
GBJR, LLC and 5B, LLC
By their attorney

<u>/s/ Howard M. Brown</u>
Howard M. Brown
BBO #547948
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th floor
Boston, MA 02110
Dated: May 2, 2006                    (617) 422-0200

-4-